UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL CONRAD GEISSLER,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-1041-PPS-APR

BRUCE LEMMON, et al.,

    Defendants.

## OPINION AND ORDER

Russell Conrad Geissler, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 13.) As required by 28 U.S.C. § 1915A, I must review this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Geissler is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Geissler is incarcerated at Indiana State Prison (ISP). Some of his allegations are difficult to follow, but as best as can be discerned, in July 2023 he was placed in segregation after being accused of committing a disciplinary infraction. He claims that

he has been held there awaiting a disciplinary hearing since that time. He complains that Indiana Department of Correction (IDOC) has not adopted a policy requiring hearings to be held within a specified number of days. He also alleges that ISP staff do not always follow the provisions of the IDOC Disciplinary Code in connection with disciplinary proceedings. He further alleges that upon his arrival in segregation he did not receive a "medical review . . . as mandated in policy" even though he suffers from mental health problems. (ECF 13 at 4.) He sues IDOC officials, high-ranking ISP staff, ISP's disciplinary screening officer, and the "full hearing disciplinary officer" for money damages and other relief.

The Fourteenth Amendment Due Process Clause does not create a liberty interest in avoiding transfer within a correctional facility or in remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Due process protections are triggered only when a transfer to segregation results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "When an inmate is placed in conditions more restrictive than those in the general prison population . . . his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *see also White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021) (inmates have a protected liberty interest in avoiding transfers within the prison that "substantially worsen the conditions of confinement"). Giving Mr. Geissler the inferences to which he is entitled at this stage, he alleges that he

2

has been in the segregation unit for almost seven months, and that the transfer substantially worsened the conditions of his confinement, triggering a liberty interest.[1]

When a liberty interest is at stake in this context, inmates are entitled to "some informal, nonadversary procedures." *Westefer v. Neal*, 682 F.3d 679, 684-85 (7th Cir. 2012). Informal due process requires "some notice" of the reason for the inmate's placement and an opportunity to present his views. *Id.* at 684. The initial placement review need only take place "within a reasonable time" and does not require an in-person hearing or an opportunity to call witnesses. *Id.* It also does not require a written decision outlining the reasons for the placement or a formal appeal procedure. *Id.* at 686. The inmate is entitled to periodic review of his placement, but this process may also be informal and non-adversarial. *Id.* The frequency of such review is "committed to the administrative discretion of prison officials." *Id.* at 686. Review "need only be sufficiently frequent that administrative segregation does not become a pretext for indefinite confinement." *Id*. In short, "the requirements of informal due process leave substantial discretion and flexibility in the hands of the prison administrators." *Id.* at 685.

Mr. Geissler's complaint can be read to allege that he has been in segregation for almost seven months and has not received any type of review of his placement. Giving him the inferences to which he is entitled at this stage, he has plausibly alleged that he

---

[1] I note that if he ultimately loses earned credit time as a result of the disciplinary charge, that too would trigger a liberty interest. However, he must assert his due process claims challenging the loss of credits in a habeas corpus petition, not a civil rights lawsuit. *See Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

3

has been denied his due process rights afforded by *Westefer*. He claims that Warden Ron Neal[2] is the individual responsible for ensuring that inmates receive placement reviews. Therefore, he will be permitted to proceed on a claim for damages against the Warden for a Fourteenth Amendment violation. His allegations about other prison staff violating IDOC policies cannot form the basis for a federal claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He may also be trying to assert a violation of his Eighth Amendment rights. In evaluating an Eighth Amendment claim, I must conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to allege an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

---

[2] He refers to the Warden as "Rondell," but the Warden of ISP is Ron Neal. https://www.in.gov/idoc/find-a-facility/adult/indiana-state-prison (last visited Jan. 29, 2024). I will use the correct spelling of the Warden's name in this order.

Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Mr. Geissler claims that he does not have access to all his personal belongings and his opportunities for "movement & exercise are diminished." (ECF 13 at 3.) I cannot infer from this that he is experiencing the type of severe deprivation that would give rise to an Eighth Amendment claim, such as being denied all opportunities for exercise or being denied bedding or adequate clothing.[3] *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) ("extreme deprivations are required to make out a conditions-of-confinement claim"). He also does not allege anything approaching criminally reckless conduct by a defendant in connection with the conditions in the segregation unit. *Thomas*, 2 F.4th at 722.

I have considered whether he is trying to assert a claim related to his medical care, as he states that upon his arrival in segregation he did not receive a "medical review by the Behavioral Health Staff as mandated in policy." He also states that, in his view, he should have been placed on suicide watch when he first arrived in segregation because the misconduct he was accused of was self-destructive in nature.[4] (ECF 13 at 4.)

---

[3] He mentions "overcrowding," but it can be discerned that he is in a cell by himself. He appears to be claiming that overcrowding in other areas of the prison has resulted in certain inmates "not being released as soon as 'lock up' time is over due to 'no bedspace.'" (ECF 13 at 4.) This condition does not appear to have affected him personally, since he is still awaiting a hearing on his disciplinary charge, and he cannot assert claims on behalf of other inmates. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

[4] Among other things, he mentions cutting himself with a "pop can." (ECF 13 at 4.)

5

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* at 267. This includes appropriate measures to address the risk of self-harm from suicide. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021). Because the Eighth Amendment does not mandate any particular way of practicing medicine, courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted).

Although he does not provide much detail, I will presume that his mental health issues constitute a serious medical need. However, he does not name any medical professional responsible for his care as a defendant, nor does he describe any symptoms he is experiencing or provide information to suggest that he is receiving constitutionally inadequate care. His primary concern appears to be that policy was not followed

6

regarding the completion of certain forms, which as stated above does not give rise to a constitutional claim. He also does not seek any injunctive relief related to his medical care or need for protection from self-harm; instead, the only injunctive relief he seeks relates to amending the IDOC Disciplinary Code. (ECF 13 at 6.) He may be able to state a claim for the denial of medical care by adding additional detail (if that is his intention), but at present he has not alleged a plausible claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal for money damages for denying him due process in violation of the Fourteenth Amendment in connection with his transfer to segregation in July 2023;

(2) DISMISSES all other claims;

(3) DISMISSES Bruce Lemmon, Christina Regal, Bus, Wardlow, Christop Chambers, and Disciplinary Hearing Officer as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction and to send him a copy of this order and the amended complaint (ECF 13) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 30, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
